963 F.2d 383
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Kyle Edmond FRANKS, Defendant-Appellant.
 No. 91-7079.
 United States Court of Appeals, Tenth Circuit.
 May 26, 1992.
 
 Before TACHA, SNEED* and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT**
 TACHA, Circuit Judge.
 
 
 1
 This appeal arises out of appellant Kyle Frank's conviction after trial by jury for a number of violations of 21 U.S.C. § 841(a)(1), one violation of 18 U.S.C. § 922(g), and one violation of 18 U.S.C. § 924(c)(1). On appeal, Franks asserts that his convictions under 18 U.S.C. § 922(g) and 18 U.S.C. § 924(c)(1) should be overturned because the government did not prove these offenses with sufficient evidence. Franks also argues that the district court erred in failing to suppress the evidence seized as a result of the execution of a search warrant. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 2
 In determining the sufficiency of the evidence, we view the evidence in the light most favorable to the government to ascertain if there is sufficient substantial proof, direct and circumstantial, together with reasonable inferences to be drawn therefrom, from which a reasonable jury could find the defendant guilty beyond a reasonable doubt. United States v. Wright, 826 F.2d 938, 946 (10th Cir.1987). Franks contends that the government failed to introduce sufficient evidence showing that he knowingly possessed the shotgun. Franks argues that the shotgun belonged to his wife and that he was never in possession of the weapon.
 
 
 3
 The record reveals that Franks, at the very least, constructively possessed the shotgun. Constructive possession exists when a person does not have actual possession, but "knowingly holds the power to exercise dominion and control." United States v. Cardenas, 864 F.2d 1528, 1533 (10th Cir.) (quoting United States v. Massey, 687 F.2d 1348, 1354 (10th Cir.1982)), cert. denied, 491 U.S. 909 (1989). Because a weapon can be jointly possessed, the government need not prove the exercise of exclusive dominion and control. United States v. Sullivan, 919 F.2d 1403, 1430 (10th Cir.1990). In this case, the government demonstrated that the shotgun was found lying on the bed in the master bedroom when the government entered Franks' residence. Thus, Franks clearly had access to the weapon and the jury could reasonably infer that he exercised dominion and control over it.
 
 
 4
 Franks also claims that the government did not show that the shotgun increased the likelihood of the success of the underlying offenses. Section 924(c) requires that the government prove that the defendant intended to use the firearm "during and in relation to" a charged drug trafficking offense. Id. at 1432. "To prove this necessary relation, the Government's evidence must support a finding that the defendant intended the weapon to be available for use during the drug transaction." United States v. Matthews, 942 F.2d 779, 783 (10th Cir.1991). After reviewing the record, we conclude that the government introduced sufficient evidence to prove a violation of § 924(c). First, the government showed that the shotgun was lying in plain view on the bed in the bedroom of the house where a drug transaction was to take place. Second, the government introduced evidence that Franks ran toward the bedroom when the search warrant was executed. Based on this evidence and additional evidence in the record, a jury could reasonably infer that Franks intended to use the firearm to further a drug transaction.
 
 
 5
 Franks finally contends that the district court erred when it refused to suppress the evidence seized as a result of the execution of the search warrant. The record indicates that the search warrant was to be executed during the daytime. Rule 41 of the Federal Rules of Criminal Procedure defines daytime "to mean the hours from 6:00 a.m. to 10:00 p.m. according to local time."[1] Franks concedes that the government executed the search warrant at 8:30 p.m., within the time prescribed by Rule 41. Franks, however, asks this court to find that Rule 41 authorizes unreasonable searches and seizures and is unconstitutional in light of the Fourth Amendment.[2]
 
 
 6
 We use a reasonableness standard to determine the legality of a state search in a federal prosecution. United States v. Mitchell, 783 F.2d 971, 974 (10th Cir.), cert. denied, 479 U.S. 860 (1986). Franks essentially argues that because the search was conducted when it was dark outside, it was unreasonable under the Fourth Amendment. We disagree. Frank's argument would require the execution of daytime searches during daylight hours only. The reasonableness requirement of the Fourth Amendment certainly does not require such a standard. Rule 41 properly defines the hours of a daytime search and protects an individual's reasonable expectation of privacy from unjustified governmental intrusions. Katz v. United States, 389 U.S. 347, 360-62 (1967) (Harlan, J., concurring).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The Honorable Joseph T. Sneed, Circuit Judge for the United States Court of Appeals for the Ninth Circuit, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Oklahoma also uses this time frame to define the proper time for execution of a daytime search warrant. Okla.Stat. tit. 22, § 1230. Franks asks this court to declare this section unconstitutional as well
 
 
 [2]
 We note that Franks argues in his brief that Rule 41 is unconstitutional under the Sixth Amendment. Because Franks quotes the Fourth Amendment and incorrectly refers to it as the Sixth, we analyze this claim under the Fourth Amendment