Gerald M. PASQUARILLE,
Petitioner–Appellant,

v.

UNITED STATES of America,
Respondent–Appellee.

No. 96–6315.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 23, 1997.

Decided Dec. 9, 1997.

Perry H. Piper (argued and briefed), Federal Defender Services of Eastern Tennessee, Inc., Chattanooga, TN, for Petitioner–Appellant.

Gregg L. Sullivan, Asst. U.S. Attorney (argued and briefed), Office of the U.S. Attorney, Chattanooga, TN, for Respondent–Appellee.

Before: KEITH, BOGGS, and NORRIS, Circuit Judges.

KEITH, Circuit Judge.

Defendant appeals the district court's judgment denying his motion to vacate sentence filed under 28 U.S.C. § 2255. For the reasons stated herein, we **AFFIRM** the decision of the district court.

### I.

On March 9, 1993, a federal grand jury sitting in Chattanooga, Tennessee, returned a two-count indictment charging the defendant, Gerald Pasquarille, with Count one, possession with intent to distribute cocaine hydrochloride and cocaine base ("crack"), in violation of 21 U.S.C. § 841(a)(1), and in Count two, using and carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c).

On May 19, 1993, the defendant executed a plea agreement and pled guilty to both counts of the indictment. On July 6, 1993, the defendant was sentenced to a term of 97 months incarceration, consisting of a 37 month sentence on Count one and a consecutive 60 month sentence on Count two. The defendant also received a term of five years supervised release on each count, to run concurrently.

On March 21, 1996, the defendant filed a motion pursuant to 28 U.S.C. § 2255 seeking to have his conviction on Count two vacated in light of the Supreme Court's decision in *Bailey v. United States*, —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). On August 14, 1996, the district court granted the defendant's motion and vacated the sentence imposed on Count two of the indictment. Because the conviction on Count two was vacated, the district court determined that the defendant's sentence on Count one should be corrected to reflect a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a firearm. Accordingly, the district court recalculated the defendant's guideline range on Count one and determined that the defendant's adjusted guideline range was now 46 to 57 months. The court then resentenced the defendant to 57 months.

On appeal, the defendant first argues that the district court was without jurisdiction under a 28 U.S.C. § 2255 petition to revise the entire "sentencing package" and instead, was limited to the issues on the count which he raised. Second, he contends that imposing an enhancement for the possession of a firearm after the 18 U.S.C. § 924(c) count had been dismissed otherwise violates the Double Jeopardy and Due Process clauses of the Constitution. Lastly, the defendant claims that the district court erred by not allowing him to be present at the time of the resentencing.

### II.

The defendant argues that the district court did not have the authority to

resentence him on the unchallenged portion of his conviction, after vacating the § 924(c) conviction. The district court, however, disagreed and derived its authority from § 2255 which provides in pertinent part:

> A prisoner ... claiming the right to be released upon the ground that the sentencing ... is ... subject to collateral attack, may move the court ... to vacate, set aside or correct the sentence.

> [If the court grants the motion it] shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

28 U.S.C. § 2255. Defendant argues that this statute only grants the court the authority over the single, challenged specific offense.

Every circuit that has considered this issue has held that the district court has the authority to resentence a defendant who has secured reversal of a § 924(c) conviction under § 2255. *See United States v. Rodriguez,* 112 F.3d 26, 29–31 (1st Cir.1997); *United States v. Gordils,* 117 F.3d 99, 102 (2d Cir. 1997); *United States v. Davis,* 112 F.3d 118, 120–22 (3d Cir.1997); *United States v. Hillary,* 106 F.3d 1170 (4th Cir.1997); *United States v. Rodriguez,* 114 F.3d 46, 47–48 (5th Cir.1997); *United States v. Smith,* 103 F.3d 531 (7th Cir.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 1861, 137 L.Ed.2d 1061 (1997); *United States v. Harrison,* 113 F.3d 135 (8th Cir.1997); *United States v. Handa,* 110 F.3d 42 (9th Cir.1997); *United States v. Mendoza,* 118 F.3d 707, 709 (10th Cir.1997); *United States v. Mixon,* 115 F.3d 900 (11th Cir.1997); *United States v. Morris,* 116 F.3d 501, 503 (D.C.Cir.1997).

Because of the § 924 conviction in the case at bar, the district court was precluded from enhancing the defendant's sentence pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a firearm during the drug-trafficking offense which would have resulted in double counting, because the defendant was also convicted under 18 U.S.C. § 924(c) of carrying or using a firearm during and in relation to a drug-trafficking offense. If the defendant had not been convicted of violating § 924(c), the court would have enhanced his sentence under Count one for possession of the firearm. Therefore, resentencing the defendant does nothing more than put him back in the same position he would have occupied had he not been convicted under § 924(c) in the first place. *See, e.g., United States v. Hillary,* 106 F.3d at 1172.

This Court has established that where a defendant is sentenced on multiple counts under the sentencing guidelines, there is often a "sentencing package" where sentences imposed on the multiple counts are interdependent. *See, e.g., United States v. Clements,* 86 F.3d 599 (6th Cir.1996). It is clear that the 924(c) offense and the underlying offense are interdependent, and must be considered as components of a single comprehensive sentencing plan. *United States v. Davis,* 112 F.3d 118, 121 (3d Cir.1997). Therefore, § 2255 gives the court jurisdiction and authority to reevaluate the entire aggregate sentence to ensure that the defendant receives the appropriate sentence on the remaining count. Accordingly the district court was correct in concluding that it has jurisdiction to resentence the defendant or to correct his sentence pursuant to § 2255.

### III.

The defendant claims in the alternative that the district court's consideration of the firearms in the resentencing constitutes a violation of the double jeopardy clause. The double jeopardy clause, however, only proscribes resentencing where the defendant has developed a legitimate expectation of finality in his original sentence. *United States v. DiFrancesco,* 449 U.S. 117, 139, 101 S.Ct. 426, 438, 66 L.Ed.2d 328 (1980). The defendant in the present case claims that he had an expectation of finality because he had already finished serving the original sentence on the drug charge. The defendant no longer had an expectation of finality, however, when he challenged one count of his two interrelated convictions and placed the validity of his entire sentence at issue. *United States v. Rodriguez,* 114 F.3d 46, 48 (5th Cir.1997). "Because the defendant has no legitimate expectation of finality in any discrete part of an interdependent sentence after a partially successful appeal or collateral attack, there is no double jeopardy bar to enhancing an unchallenged part of an

interdependent sentence to fulfill the court's original intent." *United States v. Harrison,* 113 F.3d 135, 138 (8th Cir.1997) (citing *United States v. Binford,* 108 F.3d 723, 728–30 (7th Cir.1997)).

Thus, the district court was correct in finding that by challenging his § 924(c) conviction, the defendant waived whatever expectation of finality he had in the sentence on the related drug conviction because the sentences are interdependent. By challenging the § 924(c) conviction, the defendant assumed the risk that, although his overall sentence would be reduced, the sentence on the drug count alone could be revisited and enhanced in light of the changed legal situation. *See, e.g., Gordils,* 117 F.3d at 103; *Hillary,* 106 F.3d at 1172.

The defendant also contends that the district court violated his due process rights by resentencing him. "Imposing a sentence that the Guidelines make appropriate for [the defendant's] conduct is not fundamentally unfair." *Harrison,* 113 F.3d at 138. In the case at bar, the defendant's total sentence has been reduced and he was resentenced according to the court's original sentencing plan. By resentencing the defendant, the district court simply put him back in the position he would have faced under the law if the § 924(c) conviction that was later deemed legally unsound, had not prohibit the enhancement. Consequently, the due process rights of the defendant were not violated as a result of the resentencing.

### IV.

Lastly, the defendant argues that he had a right to be present or the right of allocution at the time of resentencing. The defendant was resentenced pursuant to 28 U.S.C. § 2255 which states that "a court may entertain and determine such motion without requiring the production of the prisoner at the hearing."

There is no constitutional right to allocution under the United States Constitution. *Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962). The defendant's right to speak before the imposition of sentence under Fed.R.Crim.P. 32(c)(3)(C), applies to the original sentence and not to the subsequent resentencing.

*United States v. Coffey,* 871 F.2d 39, 40 (6th Cir.1989).

There is nothing in § 2255 which provides that defendant has either an absolute right to be present or a right of allocution. The district court in this case noted that because the defendant was given the opportunity to address the court to the imposition of his original sentence, he was not entitled to be present when the district court corrected his sentence pursuant to a successful collateral attack. In addition, there are no disputed facts in this case and the defendant has not submitted any additional evidence that would go to the mitigation of his sentence. *See Machibroda v. United States,* 368 U.S. 487, 495, 82 S.Ct. 510, 514, 7 L.Ed.2d 473 (1962); *United States v. Todaro,* 982 F.2d 1025, 1030 (6th Cir.), *cert. denied,* 508 U.S. 943, 113 S.Ct. 2424, 124 L.Ed.2d 645 (1993).

Thus, the defendant does not have a right pursuant to § 2255 to be present and to allocute at his resentencing.

### V.

The decision of Judge Edgar is **AFFIRMED.**