**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 8 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

   Respondent-Appellee,

v.

KYLE EDMOND FRANKS,

   Petitioner-Appellant.

No. 98-7001
(D.C. No. 97-CV-260-S)
(E.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **ANDERSON** , **BARRETT** , and **TACHA** , Circuit Judges.

---

   After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

*   This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Kyle Edmond Franks appeals from an order of the district court partially granting his motion for habeas relief filed pursuant to 28 U.S.C. § 2255, subsequent resentencing, and the court's denial of the remainder of his habeas claims. We granted a certificate of appealability on appeal and ordered briefing from the respondent. We affirm.

In 1991, Mr. Franks was found guilty of violations of 18 U.S.C. §§ 922(g), 924(c)(1), and 21 U.S.C. § 841(a)(1). He was sentenced to 300 months on the §§ 841(a)(1) and 922(g) charges and to sixty months on the § 924(c)(1) charge to run consecutively to the 300 month sentence. These convictions were affirmed on direct appeal. See United States v. Franks, No. 91-7079, 1992 WL 112249 (10th Cir. May 26, 1992).

Mr. Franks filed this § 2255 motion seeking to overturn the convictions on the grounds that he had received ineffective assistance of counsel at trial and at sentencing. Mr. Franks claimed that, at trial, counsel had failed to object to the introduction of his prior felony convictions. He asserted counsel was ineffective at sentencing because he had failed to inform the court that the government had not shown the type of methamphetamine involved and had failed to object to the amount of drugs set forth in the presentence report. Mr. Franks also alleged he had been sentenced in violation of Bailey v. United States, 516 U.S. 137 (1995).

The district court agreed that Mr. Franks was entitled to relief on the Bailey issue. The court vacated the § 924(c) conviction and ordered that he be resentenced. [1] The court denied relief on Mr. Franks' ineffective assistance of counsel issues without discussion.

On appeal, Mr. Franks contends that he was denied due process at resentencing. Mr. Franks also, under the general rubric of ineffective assistance of counsel, alleges that, at trial, the government submitted insufficient evidence to prove the § 922(g) charge and, at sentencing, (1) the court abused its discretion by not holding a hearing as mandated by 21 U.S.C. § 851(a)(2); (2) the government failed to prove whether D-methamphetamine or L-methamphetamine was involved; and (3) the government incorrectly determined the amount of drugs involved. Lastly, Mr. Franks asserts the court erred by imposing a two-level increase for a leadership role and his due process rights were violated because he was prosecuted by the federal government rather than the state government.

---

[1] We originally questioned whether we had jurisdiction over this appeal as we were not informed if Mr. Franks had been resentenced after the court's partial grant of habeas. We sought clarification from the district court and now understand that Mr. Franks has been resentenced. Therefore, this appeal is from a final order. See Andrews v. United States, 373 U.S. 334, 340 (1963) (where what is asked for and granted is petitioner's resentencing, there can be no final disposition of § 2255 proceedings until resentencing occurs).

Mr. Franks contends he was denied due process because he was not present at resentencing and the district court did not appoint counsel to represent him. In its order partially granting habeas, the district court vacated the § 924(c) charge and ordered that Mr. Franks be resentenced. The probation office submitted an amended presentence report. Thereafter, the court reimposed the original 300 month sentence on the remaining charges.

Neither defendant's presence nor counsel is required at resentencing when the court is merely correcting the defendant's sentence following a successful collateral attack. See, e.g., Pasquarille v. United States, 130 F.3d 1220, 1223 (6th Cir. 1997) (permitting firearms enhancement to original sentence following the vacation of § 924(c) charge without presence of defendant, because enhancement merely placed defendant "back in the position he would have faced under the law if the § 924(c) conviction that was later deemed legally unsound, had not prohibited the enhancement"); see also United States v. McCray, 468 F.2d 446, 450 (10th Cir. 1972) (defendant's presence is not required when sentence is reduced). No error occurred at resentencing.

The remainder of Mr. Franks' claims are couched in terms of ineffective assistance of counsel. We review claims of ineffective assistance of counsel de novo. See Brewer v. Reynolds, 51 F.3d 1519, 1523 (10th Cir. 1995). To prevail, a petitioner must show both that counsel's performance fell below an

objective standard of reasonableness and that the deficient performance was prejudicial to his defense. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). To satisfy the first prong, the petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. If the petitioner satisfies the first prong, he must then show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Mr. Franks alleges trial counsel was ineffective for not arguing that the government had presented insufficient evidence at trial to prove the § 922(g) charge because the government agent committed perjury in his testimony. This issue is foreclosed by our prior decision that the § 922(g) conviction was supported by sufficient evidence. See Franks, 1992 WL 112249 at **1 (holding that Mr. Franks had "at the very least, constructively possessed the shotgun"). Further, witness credibility is an issue for the jury which we will not disturb. See Thunder Basin Coal Co. v. Southwestern Pub. Serv. Co., 104 F.3d 1205, 1212 (10th Cir. 1997); see also FDIC v. Hamilton, 122 F.3d 854, 860 (10th Cir. 1997) ("We are not empowered to undertake a review of the evidence which would amount to a trial de novo.").

Mr. Franks also contends counsel was ineffective at sentencing because he should have insisted the government prove whether D-methamphetamine or

L-methamphetamine was involved. In its brief on appeal, the government states that this argument is immaterial as Mr. Franks was not sentenced under 21 U.S.C. § 841(b), but as a career offender under U.S. Sentencing Guideline § 4B1.1.[2]

The presentence report shows that the probation office recommended that Mr. Franks be sentenced as a career offender. The court adopted the presentence report without opposition from Mr. Franks and sentenced him under § 4B1.1. Section 4B1.1, by its terms, does not require identification of the type of controlled substance involved. Therefore, counsel was not ineffective for failing to insist that the government show the type of methamphetamine involved.

Mr. Franks also asserts that counsel should have insisted the government correctly determine the amount of drugs involved in the offense because he maintains that the witnesses against him lied as to the amounts involved. As Mr. Franks is once again attacking witness credibility in setting forth this claim, we can find no error or resulting ineffective assistance of counsel.

Mr. Franks contends counsel should have advised the court that his prior convictions could not be used for career offender enhancement because they had not been prosecuted by means of an indictment. He also alleges the court did not

---

[2] Section § 4B1.1 provides that a defendant is a career offender if he is at least eighteen years old at the time he committed the offense for which he is being sentenced; the current offense is a felony amounting to a crime of violence or a controlled substance offense, and he has at least two prior felony convictions of crimes of violence or controlled substances.

advise him properly as required by 21 U.S.C. § 851(b). At sentencing, the court informed Mr. Franks he could not later attack his sentence on the basis that the prior convictions were invalid if he did not challenge the convictions prior to sentencing. See § 851(b). Mr. Franks discussed the court's statement with counsel. The court followed the procedural requirements of § 841(b) and, therefore, Mr. Franks cannot now attack the enhancement. See, e.g., United States v. Ruiz-Castro, 92 F.3d 1519, 1536 (10th Cir. 1996) (defendant may only challenge sentence if court failed to follow § 851(b) procedures).

Mr. Franks raises the rest of his issues for the first time in his appellate brief. We decline to consider those issues because they were not presented to the district court. See United States v. Cook, 997 F.2d 1312, 1316 (10th Cir. 1993) (issues not raised in § 2255 motion to district court deemed waived).

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Stephen H. Anderson

-7-

Circuit Judge