**UNITED STATES of America,**
Plaintiff–Appellee,

v.

**Eugene Joseph MAINVILLE,**
Defendant–Appellant.

No. 99–2342.

United States Court of Appeals,
Sixth Circuit.

May 16, 2001.

Before KEITH, NORRIS, and DAUGHTREY, Circuit Judges.

OPINION

PER CURIAM.

Defendant-appellant Eugene Joseph Mainville appeals from the judgment resentencing him after vacating his original sentence under 28 U.S.C. § 2255. For the following reasons, we AFFIRM the decision of the district court.

## I. BACKGROUND

On January 25, 1994, a federal grand jury sitting in Marquette, Michigan, returned a thirteen-count indictment charging Mainville and eleven others with conspiracy to manufacture methcathinone and other related charges. Mainville was named in Counts One and Three of the indictment. Count One charged him with conspiracy to manufacture methcathinone, in violation of 21 U.S.C. § 846 (1994).[1] Count Three charged Mainville with knowingly and intentionally possessing ephedrine, a "listed precursor chemical" as defined in 21 U.S.C. § 802(33) and (34) (1994), knowing or having reasonable cause to believe that the listed chemical would be used to manufacture methcathinone, a controlled substance, in violation of 21 U.S.C. §§ 841(d)(2) (1994).

Subsequently, a jury found Mainville guilty of both counts. Although Count One was a charge of conspiracy to commit multi-object crimes, the jury verdict was in the form of a general verdict, *i.e.*, it asked whether the jury found Mainville guilty of "conspiracy to manufacture methcathinone." (J.A. at 57.)

On October 3, 1995, the district court held a sentencing hearing. The court determined that the maximum term of imprisonment for Count One was 240 months pursuant to 21 U.S.C. § 841(b)(1)(C) (1994), while the maximum term of imprisonment for Count Three was 120 months pursuant to 21 U.S.C. § 841(d). The court further determined that, pursuant to the U.S. Sentencing Guidelines Manual (1994) ("USSG" or "guidelines"), Mainville had an

---

1. The object crimes of the conspiracy stated in the indictment were: (1) manufacture of methcathinone, a controlled substance, in violation of 21 U.S.C. § 841(a)(1); (2) possession of ephedrine, a listed chemical, with intent to manufacture or having reason to believe that such chemicals would be used to manufacture, methcathinone, a controlled substance, in violation of 21 U.S.C. § 841(d)(1) and (d)(2); (3) possession with intent to distribute methcathinone, a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 844; and (4) distribution of methcathinone, a controlled substance, in violation of 21 U.S.C. § 841(a)(1).

The object crimes of the conspiracy carried different maximum terms of imprisonment: the maximum term for the § 841(a)(1) offenses was 240 months, pursuant to § 841(b)(1)(C); the maximum term for the § 841(d) offense was 120 months, pursuant to § 841(d).

offense level of 34 and a criminal history category of III. Accordingly, the court concluded that the applicable guideline imprisonment range was 188–235 months. The district court sentenced Mainville to concurrent terms of 204 months of imprisonment on Count One and 52 months of imprisonment on Count Three, to be followed by supervised release for three years, and imposed a fine of $4,000.

Mainville appealed his conviction and sentence, challenging the jury instructions and the calculation of his base offense level. A panel of this Court affirmed Mainville's conviction and sentence in an unpublished opinion. *See United States v. Mainville*, No. 95–2133, 1997 WL 242052 (6th Cir. May 8, 1997) (*per curiam*), *cert. denied*, 522 U.S. 940, 118 S.Ct. 354, 139 L.Ed.2d 275 (1997).

On July 24, 1998, Mainville filed a motion in the district court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Mainville raised several claims, including an argument that his sentence for conspiracy in violation of 21 U.S.C. § 846 exceeded the maximum authorized by statute, because of the nature of the general verdict on Count One of the indictment. Mainville contended that punishment for his conspiracy conviction was limited to the statutory maximum for the substantive offense he was convicted of conspiring to commit. Mainville contended that the statutory maximum was 120 months.

In an opinion entered January 26, 1999, the district court rejected all of Mainville's claims, except the sentencing challenge based on the general verdict. The court ordered the parties to submit briefs on the issue. Subsequently, in an order entered March 31, 1999, the court held that a resentencing hearing was required on Count One due to the nature of the general verdict at trial. The court stated that, pursuant to 21 U.S.C. § 846, the punishment for a conspiracy conviction is equal to the punishment for the substantive offense the defendant was convicted of conspiring to commit.[2] The court noted that Mainville had been convicted of a multi-object conspiracy, and that the object crimes of the conspiracy carried different maximum sentences. Because of the nature of the general verdict, however, the court concluded that for sentencing purposes it would have to assume that Mainville was convicted of the least severe object offense in the multi-object conspiracy.[3] Thus, in resentencing Mainville on Count One, the court reasoned that it would assume that Mainville had been convicted of possession of ephedrine in violation of 21 U.S.C. § 841(d). Therefore, the court concluded that the maximum term of imprisonment on Count One was 120 months, based on the § 841(d) violation, not 240 months as the court had determined at the initial sentencing hearing. The court stated that the only issues to be considered at resentencing were the proper length of the sen-

**2.** Section 846 states in relevant part that "[a]ny person who ... conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the ... conspiracy." 21 U.S.C. § 846.

**3.** The district court rejected the government's argument that USSG § 1B1.2(d) authorized the court to impose a sentence greater than the maximum authorized by the least severe

predicate offense of the multi-object conspiracy. The district court noted that USSG §§ 1B1.2(d) and 1B1.2(d) cmt. n. 5 (1994) had been questioned by several courts in the context of a general verdict. The court refused to apply USSG §§ 1B1.2(d) and 1B1.2(d) cmt. n. 5 in determining the maximum term of imprisonment for the conspiracy charge. The government did not appeal the district court's decision.

tence under Count One, and whether the sentences for Counts I and III should run consecutively or concurrently.

At the resentencing hearing held October 18 and 21, 1999, the district court reiterated its conclusion that Mainville's conviction of Count One carried a 120 month maximum sentence. The court determined that USSG § 5G1.2(d)[4] mandated partial consecutive sentences on Counts One and Two, based on Mainville's total punishment range. The court noted that the guidelines required a sentence withing the range of 188–235 months.[5] In order to achieve a sentence within the guideline imprisonment range, the court suggested that Mainville's sentence should be 120 months on Count One and 68 months on Count Three, sentences to run consecutively so as to total 188 months. However, the court stated it was reluctant to sentence Mainville to more than 52 months on Count Three, since the court had not given the parties notice of the possibility of increasing his sentence on Count Three. Accordingly, the court determined that Mainville's term of imprisonment should be 172 months: 120 months on Count One and 52 months on Count Three, sentences to be served consecutively pursuant to § 5G1.2(d).

However, Mainville requested and received a downward departure of 24 months based on post-sentencing rehabilitation. Therefore, the court reduced his sentence from 172 months to 148 months. In sum, the court sentenced Mainville to 120 months imprisonment on Count One and 52 months on Count Three, with 28 months of Count Three to run consecutively, for a total of 148 months. The court rejected Mainville's argument that resentencing him to a consecutive term on Count Three would violate the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.

On November 3, 1999, Mainville filed a notice of appeal from the resentencing judgment. He raises two issues on appeal: (1) whether the district court violated double jeopardy in resentencing Mainville to a term of 52 months on Count III, with 28 months to run consecutively; and (2) whether the district court erred in resentencing Mainville without re-evaluating relevant conduct for purposes of establishing a new base offense level. Because the neither the district court nor this Court granted Mainville a certificate of appealability on the second issue, only the double jeopardy issue is properly before us.[6]

**4.** This provision states as follows:

If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment. In all other respects, sentences on all counts shall run concurrently, except to the extent otherwise required by law.
U.S.S.G. § 5G1.2(d) (1994).

**5.** In the original sentencing hearing, the court determined that Mainville's imprisonment range under the Guidelines was 188–235 months, based on an offense level of 34 and a criminal history category of III. The court

used these figures for resentencing purposes. The court rejected Mainville's contention that the calculation of his baseline level was incorrect, since Mainville had already litigated this issue in his direct appeal.

**6.** Mainville contends that the district court was required to recalculate his base offense level in resentencing him. The district court rejected this argument, and denied his request for a certificate of appealability regarding this issue. Mainville then applied for a certificate of appealability from this Court. We denied that request in an order filed March 21, 2000. Mainville moved this Court to reconsider our March 21, 2000 order. We denied that motion in an order filed August 11, 2000.

## II. STANDARD OF REVIEW

We view constitutional challenges to sentences as questions of law subject to a *de novo* standard of review. *See United States v. Jackson,* 181 F.3d 740, 743 (6th Cir.1999).

## III. DISCUSSION

■ Mainville's double jeopardy argument has two components. First, he contends "that the district court violated the double jeopardy provision when it imposed consecutive sentences under Counts One and Three, after determining that Count Three was to be merged into Count One as its object crime of the conspiracy." Appellant's Br. at 10. Second, Mainville argues that resentencing on the Count Three charge implicates the Double Jeopardy Clause, since he has already served the entire 52 month sentence originally imposed on Count Three. Therefore, he argues that he had a clear expectation of finality as to Count Three at the time of resentencing. Additionally, and quite apart from his double jeopardy claim, Mainville contends that, to the extent USSG § 5G1.2(d) violates 18 U.S.C. § 944(v), it should be struck. We address each of Mainville's arguments in turn.

We reject Mainville's wholly unsupported contention that the district court could not sentence him to any term of imprisonment beyond that of the maximum term of 120 months under § 841(d) for Counts One and Three. The district court did not "merge" Count Three into Count One, nor did the court set aside the jury finding as to the underlying objective offense, *i.e.,* the manufacture of methcathinone. Rather, the court merely assumed that, for sentencing purposes, Mainville was convicted of the least severe object offense in the multi-object conspiracy due to the nature of the general verdict. Because Counts One and Three were separate offenses, each carrying a 120 month maximum term of imprisonment, the district court was authorized to sentence Mainville to consecutive terms in order to impose a period of incarceration within the guidelines range.

■ In any event, Mainville's contention that he can not be sentenced to consecutive sentences for a substantive offense and conspiracy to commit that substantive offense is just plain wrong. A substantive crime and conspiracy to commit that crime are not the same offense for purposes of double jeopardy, even if based upon the same underlying incidents, since "the essence of a conspiracy offense is in the agreement or confederation to commit a crime." *United States v. Felix,* 503 U.S. 378, 389–90, 112 S.Ct. 1377, 118 L.Ed.2d 25 (1992); *accord Murr v. United States,* 200 F.3d 895, 902 (6th Cir.2000). The district court's imposition of partially consecutive sentences for conspiracy and the substantive offense does not violate double jeopardy. *See Felix,* 503 U.S. at 389–90, 112 S.Ct. 1377.

■ Mainville's claim that the district court was barred from resentencing him on Count Three is essentially foreclosed by our decision in *Pasquarille v. United States,* 130 F.3d 1220, 1222–23 (6th Cir. 1997). There, the defendant was convicted of cocaine possession with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and using and carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c), and was sentenced accordingly. *See id.* at 1221. Subsequently, the defendant filed a motion pursuant to 28 U.S.C. § 2255, seeking to have his conviction on the weapon charge vacated in light of the Supreme Court's decision in *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995).[7] *See Pasquarille,* 130 F.3d at

---

7. In *Bailey,* the Supreme Court held that "[18  U.S.C.] § 924(c)(1) requires evidence suffi-

1221. The district court granted the defendant's motion and vacated the weapon conviction. *See id.* Then the court determined that the defendant's sentence on the drug count should be corrected to reflect a two-level enhancement pursuant to USSG § 2D1.1(b)(1) for possession of a firearm, and resentenced the defendant accordingly. *See id.* On appeal, the defendant argued that the district court lacked authority to resentence him on the unchallenged portion of his conviction, and that resentencing violated double jeopardy. This Court rejected these arguments, relying on the "sentencing package" doctrine. *See id.* at 1222–23.

■ "The sentencing package doctrine recognizes that when a defendant is found guilty on a multicount indictment, there is a strong likelihood that the district court will craft a disposition in which the sentences on the various counts form part of an overall plan, and that if some counts are vacated, the judge should be free to review the efficacy of what remains in light of the original plan." *United States v. Townsend,* 178 F.3d 558, 567 (D.C.Cir.1999) (citations omitted). "Under the sentencing package concept, when a defendant raises a sentencing issue, he attacks the bottom line." *Id.* (quoting *United States v. Smith,* 103 F.3d 531, 534 (7th Cir.1996)).

In *Pasquarille,* we concluded that where a defendant is sentenced on multiple counts as part of a sentencing package, and the defendant successfully challenges one count of his conviction, "28 U.S.C. § 2255 gives the court jurisdiction and authority to reevaluate the entire aggregate sentence to ensure that the defendant receives the appropriate sentence on the remaining count." *Id.* at 1222. Moreover, we concluded that, even where a defen-

dant's sentence has been served, he has no expectation of finality "when he challenges one count of his two interrelated convictions and placed the validity of his entire sentence at issue." *See id.* (citing *United States v. Rodriguez,* 114 F.3d 46, 48 (5th Cir.1997). Accordingly, in *Pasquarille* we upheld the district court's judgment resentencing the defendant.

Here, the district court explicitly rejected Mainville's claim that double jeopardy barred the court from resentencing him on Counts One and Three based on the court's reliance on the sentencing package doctrine. The court noted that Mainville's sentences on the two counts were interdependent, in that the maximum sentence under each count affected whether the sentence would be served concurrently or consecutively. The court reasoned that a reversal on Count One allowed the court to resentence Mainville on the unchallenged count, since a reduction on Count One without ensuring that the total sentence met the guidelines requirements would produce an invalid sentence.

We agree with the district court that the sentences on Counts One and Three were interrelated, and that the district court had authority to resentence Mainville accordingly. Moreover, we agree with the district court that Mainville waived whatever expectation of finality he had in his sentence on Count Three by "challeng[ing] one count of his two interrelated convictions and plac[ing] the validity of his entire sentence at issue." *Pasquarille,* 130 F.3d at 1222 (citing *United States v. Rodriguez,* 114 F.3d 46, 48 (5th Cir.1997). " 'Because [Mainville] has no legitimate expectation of finality in any discrete part of an interdependent sentence after a partially success-

---

cient to show an active employment of the firearm by the defendant, a use that makes the firearm an operative factor in relation to

the predicate offense." 516 U.S. at 143, 116 S.Ct. 501.

ful ... attack, there is no double jeopardy bar to enhancing an unchallenged part of an interdependent sentence to fulfill the court's original intent.' " *Id.* at 1222–23 (quoting *United States v. Harrison,* 113 F.3d 135, 138 (8th Cir.1997) (citing *United States v. Binford,* 108 F.3d 723, 728–30 (7th Cir.1997))).

Mainville attempts to distinguish *Pasquarille* on two grounds. First, he contends that the sentence packaging doctrine is inapplicable outside the context of a vacated 18 U.S.C. § 924(c) conviction. He suggests that the doctrine is applicable only where a conviction is vacated, and the conduct that served as the basis for the vacated crime is then considered as relevant conduct for resentencing on the remaining charge. Mainville contends that the doctrine is inapplicable to him "because neither of his convictions were reversed and it is the same conduct which made him guilty on each count." Appellant's Br. at 11. Mainville does not offer any reason that this distinction should make any difference, and we reject his contention. The sentencing package doctrine may apply when sentencing on multiple counts comprise a "sentencing package," and the defendant attacks his sentence on some counts. We need not address Mainville's unsupported contention that the doctrine may not be applied when the same conduct serves as the basis for the two convictions, since his two convictions were not based on the same conduct.[8]

Second, Mainville contends that the sentencing package doctrine is only applicable where the Court of Appeals has remanded a case for a new hearing regarding the proper sentence. Mainville apparently has overlooked the fact that in *Pasquarille* we upheld the district court's application of the doctrine in a § 2255 proceeding. Accordingly, Mainville's contention lacks merit.

Finally, we reject Mainville's final claim that 28 U.S.C. § 994(v)[9] requires that his sentences on Counts One and Three run concurrently. Mainville is raising this issue for the first time on appeal, and this court is not compelled to hear, nor should it hear, an issue not first presented to the district court absent extraordinary circumstances. *See Foster v. Barilow,* 6 F.3d 405, 407 (6th Cir.1993). There are no extraordinary circumstances present here.

## IV. CONCLUSION

For the foregoing reasons, the judgment of the Honorable Gordon J. Quist of the United States District Court for the Western District of Michigan is AFFIRMED.

---

**8.** Mainville was convicted of conspiracy to manufacture methcathinone, in violation of 21 U.S.C. § 846, and possession of ephedrine knowing or having reason to believe it would be used to manufacture methcathinone, in violation of 21 U.S.C. § 841(d). As noted above, the district court did not set aside the jury finding as to the underlying objective offense. Rather, the court concluded that, due to the nature of the general verdict, it would resentence Mainville as if he had been found guilty only of the least serious objective offense.

**9.** Title 28 U.S.C. § 994(v) states that "[t]he Commission shall ensure that the general policy statements promulgated pursuant to subsection (a)(2) include a policy limiting consecutive terms of imprisonment for an offense involving a violation of a general prohibition and for an offense involving a violation of a specific prohibition encompassed within the general prohibition." We note that Mainville's convictions do not consist of a general and specific prohibition.