**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**Marcus NORMAN, Defendant–Appellant.**

No. 01–3271.

United States Court of Appeals, Sixth Circuit.

June 21, 2002.

Before NORRIS and BATCHELDER, Circuit Judges; FORESTER, District Judge.*

Marcus Norman, a federal prisoner proceeding through counsel, appeals the sentence imposed at re-sentencing. The parties have waived oral argument, and upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

---

* The Honorable Karl S. Forester, United States Chief District Judge for the Eastern District of Kentucky, sitting by designation.

Norman pleaded guilty in 1995 to possession of cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and to using a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c). He was sentenced to consecutive terms of imprisonment of 135 months and 60 months, respectively. In 1997, this court reversed Norman's § 924(c) conviction on direct appeal because he had not actively used or carried the fireman, as required by *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). *United States v. Norman*, No. 95–4225, 1997 WL 295345 (6th Cir. June 2, 1997) (unpublished). The district court, on remand, added two points to Norman's offense level, pursuant to USSG § 2D1.1(b)(1), for possessing a firearm in connection with a drug trafficking offense, and then re-sentenced Norman to 168 months in prison. In 1998, Norman challenged the district court's decision in a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence, asserting in part that defense counsel had refused Norman's request to file an appeal contesting the § 2D1.1(b)(1) enhancement. The district court denied the motion, but this court again reversed the district court's judgment and ordered counsel to file a notice of appeal. *Norman v. United States*, 1 Fed.Appx. 300 (6th Cir.2001) (unpublished).

On appeal, Norman relies on *United States v. Peters*, 15 F.3d 540 (6th Cir.1994), to support his argument that § 2D1.1(b)(1) does not apply.

This court reviews a sentencing court's interpretation of the Sentencing Guidelines and sentencing statutes de novo and its factual findings for clear error. *United States v. Swiney*, 203 F.3d 397, 401 (6th Cir.), *cert. denied*, 530 U.S. 1238, 120 S.Ct. 2678, 147 L.Ed.2d 288 (2000).

Upon review, we conclude that the district court's judgment must be affirmed. Section 2D1.1(b)(1) of the Sentencing Guidelines permits a two-point sentencing enhancement for possession of a firearm during a drug-trafficking crime. Although the enhancement does not apply when a defendant is convicted and sentenced for violating 18 U.S.C. § 924(c), the enhancement may be applied when a defendant is re-sentenced after a § 924(c) conviction is vacated. *United States v. Saikaly*, 207 F.3d 363, 367 (6th Cir.2000); *Pasquarille v. United States*, 130 F.3d 1220, 1222 (6th Cir.1997).

Before the sentencing court may impose a § 2D1.1(b)(1) enhancement, the government must prove by a preponderance of the evidence that the defendant possessed the firearm during the drug-trafficking offense. *Saikaly*, 207 F.3d at 368. The burden then shifts to the defendant to show that it was clearly improbable that the weapon was connected to the offense. *Id.* Application Note 3 for § 2D1.1 provides in part:

> The enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons. The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense. For example, the enhancement would not be applied if the defendant, arrested at his residence, had an unloaded hunting rifle in the closet.

USSG § 2D1.1, comment. (n.3).

The district court imposed the enhancement, reasoning that "the evidence that was presented at the Suppression Hearing was more than sufficient ...." At the suppression hearing, Norman acknowledged that he had confirmed during a search that there were drugs and guns in the house and told the officers which key would un-

lock the front door. Detective Muhic testified that Norman "walked right over and showed [him] where his one gun was and where the drugs were." The guns were on top of a dresser and the drugs were in the bottom drawer. Agent Fiatal stated that another gun was found underneath the bed.

As mentioned above, Norman relies on *United States v. Peters*, to support his argument that the evidence is not sufficient to justify applying § 2D1.1(b)(1). In *Peters*, a bag of crack cocaine was found on top of the dresser and a pistol and fully loaded magazine were found inside a dresser drawer. 15 F.3d at 542. A jury convicted the defendants on two drug charges, but acquitted them of using and carrying a firearm in relation to a drug trafficking offense in violation of § 924(c). *Id.* at 543. The district court declined to apply § 2D1.1(b)(1), and the government appealed. *Id.* In upholding the district court's refusal to enhance the sentence, this court found that the decision was not clearly erroneous and noted that a district court has the opportunity to judge the credibility of the witnesses. *Id.*

We conclude that *Peters* is distinguishable. Unlike the defendants in *Peters*, Norman effectively admitted that he had possessed the firearms in connection with a drug offense when he pleaded guilty to the § 924(c) charge. *See United States v. Williams*, 176 F.3d 301, 308 (6th Cir.1999) (§ 2D1.1(b)(1) enhancement was affirmed where defendant pleaded guilty to violating § 924(c) and had thus admitted underlying facts). Furthermore, Norman, rather than the government, was appealing the district court's decision and the evidence introduced at the suppression hearing established that the guns were located in a residence to which Norman had full access and where drugs were located. *See United States v. Hill*, 79 F.3d 1477, 1486 (6th

Cir.1996) (distinguishing *Peters* based on party appealing and defendant's access to residence where drugs were present). Thus, Norman has not shown that the district court's decision to apply the enhancement was clearly erroneous.

Accordingly, the district court's judgment is affirmed.