**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Khalid DABLAN, Defendant–Appellant.**

No. 05–10688.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 14, 2006.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

---

William L. Shipley, Office of the U.S. Attorney, Fresno, CA, for Plaintiff–Appellee.

Daniel A. Bacon, Esq., Fresno, CA, for Defendant–Appellant.

Before: LEAVY, McKEOWN, and GOULD, Circuit Judges.

### MEMORANDUM **

Khalid Dablan appeals from the 70–month sentence imposed following his guilty plea to conspiracy to aid and abet the manufacture of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.

■ Dablan contends that the district court violated his Sixth Amendment right to jury trial by determining that the rele-

vant drug quantity for purposes of his base offense level was beyond the amount of 50 grams of methamphetamine stipulated to in the plea agreement. We reject this contention. *See United States v. Rosacker,* 314 F.3d 422, 430 (9th Cir.2002); *see also United States v. Kilby,* 443 F.3d 1135, 1140–41 (9th Cir.2006).

■ Dablan also asserts that the district court abused its discretion by finding that Allen Barbour, a forensic chemist, was not qualified to testify as an expert witness for the defense. However, Dablan has not shown any error or resulting prejudice in this regard. *See* 28 U.S.C. § 2111 (error not affecting substantial rights must be disregarded); *see also United States v. Morales,* 108 F.3d 1031, 1040 (9th Cir. 1997) (holding that harmless error review applies if expert witness testimony is erroneously excluded). We therefore reject this contention.

■ Dablan also contends that the district court relied on unreliable evidence to approximate drug quantity to determine his base offense level under U.S.S.G. § 2D1.1. He notes that he was the target of a reverse-sting Government operation, and that he and the confidential informant never agreed to key terms of the intended drug transaction. He first contends that Detective Tello's testimony about a 60 milligram weight per dose of pseudoephedrine lacked sufficient indicia of reliability. We agree. The record reflects that Detective Tello's conclusion was not based on case-specific information, but upon his experience in unrelated cases and improper speculation. *See* U.S.S.G. § 2D1.1, cmt. 11 (requiring the court to consult a table of standard drug weights in circumstances where the weight of the drugs is unknown, unless more reliable data from case-specif-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

ic information is available); *see also United States v. Kilby,* 443 F.3d 1135, 1141 (9th Cir.2006) (holding that the district court clearly erred in basing its approximation upon the weights of drugs seized in unrelated cases.) We therefore hold that the district court erred.

■ However, we reject the contention that the district court erred in relying on the testimony of Roger Ely, a senior Drug Enforcement Agency forensic chemist, to apply a 50 percent conversion ratio of pseudoephedrine to methamphetamine. *See* U.S.S.G. Guidelines, App. C, Amendment 611 (2001) (using a similar conversion ratio for the chemical quantity table for pseudoephedrine of U.S.S.G. § 2D1.1).

■ Finally, Dablan contends that the district court violated his due process rights by depriving him of his right to allocute at sentencing. The Government concedes that this was error and that it was not harmless, and requests that the matter be remanded to the district court. We agree that the denial of the right to allocute is a due process violation, on the facts of this case. *See United States v. Carper,* 24 F.3d 1157, 1162 (9th Cir.1994). Accordingly, we vacate and remand for further proceedings consistent with this disposition.

**VACATED and REMANDED.**