O’Donnell, J.,
dissenting.
{¶ 101} Respectfully, I dissent.
{¶ 102} The principal focus of this appeal concerns whether a trial court commits reversible error if it fails to include in its statutorily mandated capital-offense sentencing opinion a statement that it has considered the allocution of a convicted murderer. However, allocution is a statutory right, not a constitutional one, and it necessarily follows that the court’s failure to affirmatively state that it *252 considered the allocution does not rise to the level of constitutional error. Further, this court has never required the trial court to discuss in its sentencing opinion every consideration that factors into its sentence. Rather, our precedent establishes that any such error is cured by our independent sentence evaluation. Accordingly, this court should independently review the allocution and the sentence and determine whether the penalty imposed is in conformity with others in which the death penalty has been imposed.
Allocution
{¶ 103} The purpose of allocution is “to permit a convicted defendant an opportunity to plead personally to the court for leniency in his sentence,” United States v. Tamayo, 80 F.3d 1514, 1518 (11th Cir.1996), based on the consideration that “[t]he most persuasive counsel may not be able to speak for a defendant as the defendant might, with halting eloquence, speak for himself,” Green v. United States, 365 U.S. 301, 304, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961) (Frankfurter, J., plurality opinion). Thus, courts recognize that “[t]he right to allocute is no more than the defendant’s ‘right to stand before the [sentencer] and ask in his own voice that he be spared.’ ” People v. Davis, 794 P.2d 159, 192 (Colo.1990), quoting State v. Zola, 112 N.J. 384, 430, 548 A.2d 1022 (1988).
{¶ 104} There is no recognized constitutional right to allocution. In Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962), the Supreme Court rejected a claim that the Constitution requires the trial court to invite an accused represented by counsel to make a statement before sentencing, explaining that the failure to do so “is an error which is neither jurisdictional nor constitutional. It is not a fundamental defect which inherently results in a complete miscarriage of justice, nor an omission inconsistent with the rudimentary demands of fair procedure.” And in MeGautha v. California, 402 U.S. 183, 91 S.Ct. 1454, 28 L.Ed.2d 711 (1971), judgment vacated sub nom. Crampton v. Ohio, 408 U.S. 941, 92 S.Ct. 2873, 33 L.Ed.2d 765 (1972), the court noted that “Ohio has provided for retention of the ritual of allocution, albeit only in its common-law form, precisely to avoid the possibility that a person might be tried, convicted, and sentenced to death in complete silence. We have held that failure to ensure such personal participation in the criminal process is not necessarily a constitutional flaw in the conviction.”
{¶ 105} The Sixth Circuit Court of Appeals has also held that “[t]here is no constitutional right to allocution under the United States Constitution,” Pasquarille v. United States, 130 F.3d 1220, 1223 (6th Cir.1997), and that federal law does not require Ohio to afford the accused an opportunity to make an unsworn statement, Bedford v. Collins, 567 F.3d 225, 237 (6th Cir.2009). Notably, the Sixth Circuit is not alone; almost every federal circuit court has held that allocution is not a constitutional right. See United States v. Picard, 464 F.2d 215, *253 220 (1st Cir.1972), fn. 9; United States v. Li, 115 F.3d 125, 132 (2d Cir.1997), fn. 3; United States v. Saferstein, 673 F.3d 237, 243 (3d Cir.2012); United States v. Lighty, 616 F.3d 321, 365 (4th Cir.2010); United States v. Reyna, 358 F.3d 344, 349 (5th Cir.2004); United States v. Covington, 681 F.3d 908, 910 (7th Cir.2012); United States v. Hoffman, 707 F.3d 929, 937 (8th Cir.2013); United States v. Smith, 705 F.3d 1268, 1274 (10th Cir.2013); United States v. Fleming, 849 F.2d 568, 569 (11th Cir.1988). It is only the Ninth Circuit that concludes that “the denial of the right to allocute is a due process violation.” United States v. Doblan, 205 Fed.Appx. 620, 622 (9th Cir.2006).
{¶ 106} This court has previously suggested that the Constitution does not require allocution at the sentencing hearing. In State v. Lynch, 98 Ohio St.3d 514, 2003-Ohio-2284, 787 N.E.2d 1185, we rejected a claim that the trial court violated the constitutional rights of the accused by denying his request to give his statement through questioning by counsel, explaining that “the majority view [regarding the right to allocution] does not support a holding that a defendant has a constitutional right even to make an unsworn statement, let alone an unsworn statement in a question-and-answer format.” Id. at ¶ 103. And in Lancaster v. Green, 175 Ohio St. 203, 192 N.E.2d 776 (1963), we denied a writ of habeas corpus to an offender who claimed that the trial court’s failure to include the allocution in the sentence invalidated it, stating that “the failure to include the allocution in the certificate of sentence did not void the sentence. In fact, the absolute failure to accord petitioner this right is not a ground for relief by habeas corpus.” Id. at 206, citing Hill, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417.
Confusion Regarding Allocution
{¶ 107} The term “allocution” has been used to refer to different statements made by an offender. For example, a statement made by a defendant at the time of a plea has been described as an allocution. Such a statement can give a court a factual basis to adjudicate guilt. United States v. Garcia, 587 F.3d 509, 514 (2d Cir.2009) (explaining that the trial court may examine the accused’s plea allocution in determining whether a sufficient factual basis supports the plea); State v. Jones, 6th Dist. Sandusky No. S-08-034, 2010-Ohio-1780, 2010 WL 1633340, ¶ 17 (“A plea allocution is conducted only after the individual has been fully apprised of and waived a litany of constitutional rights, including Fifth Amendment rights”).
{¶ 108} In Ohio, R.C. 2929.03(D)(1) permits an accused to make a statement to the jury or fact-finder during the penalty phase of a capital-murder trial and further provides that such a statement is not subject to cross-examination unless the accused makes the statement under oath. This unsworn statement permits the accused to address the jury or fact-finder in an effort to influence the penalty *254 recommendation and is sometimes referred to as allocution, but in fact, it is a part of the penalty phase of the trial. State v. Campbell, 90 Ohio St.3d 320, 326, 738 N.E.2d 1178 (2000); State v. Roe, 41 Ohio St.3d 18, 26, 535 N.E.2d 1351 (1989) (noting that the statute provides that all mitigating evidence must be presented before the jury makes a recommendation in the penalty phase of trial; “[a] defendant may not wait for an unfavorable jury recommendation before presenting all relevant evidence in mitigation of sentence”).
{¶ 109} The foregoing examples of statements are not implicated in this case. Rather, the common-law right to allocution applicable in capital and noncapital cases is contained in Crim.R. 32(A)(1), which directs the trial court, prior to imposing sentence, to afford counsel an opportunity to speak on behalf of the defendant and to address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment. This statement is not made under oath, is not subject to cross-examination, and is not evidence — but it can be considered by the court in imposing its sentence.
{¶ 110} We distinguished the right to make an unsworn statement afforded by R.C. 2929.03(D)(1) from the allocution before sentence is pronounced in Campbell, where we said, “No authority requires a trial court to inform a capital defendant of his right to make an unsworn, penalty-phase statement. Crim.R. 32(A)(1) does not apply, because an unsworn statement under R.C. 2929.03(D)(1) is not an allocution under the rule.” (Emphasis added.) Id. at 326. Thus, a penalty-phase statement may be relevant to weighing whether the aggravating circumstances were sufficient to outweigh the mitigating factors, but an allocution is not.
{¶ 111} In this case, pursuant to our order on remand, the trial court allowed Roberts to allocute prior to reimposing sentence. And before it imposed the sentence, the court stated that it had considered the record and the oral statements, which included her allocution. In my view, no reasonable inference may be drawn from the failure of the trial court to specifically incorporate the content of the allocution made by Roberts in its sentencing opinion. Obviously, because we remanded for that right to be accorded before sentencing, the trial court listened to Roberts and was aware of what she presented. In this case, then, “ ‘[t]here is no showing of irregularity to contradict the presumption of regularity accorded all judicial proceedings.’ ” State v. Raber, 134 Ohio St.3d 350, 2012-Ohio-5636, 982 N.E.2d 684, ¶ 19, quoting State v. Sweet, 72 Ohio St.3d 375, 376, 650 N.E.2d 450 (1995).
{¶ 112} We have previously held that in considering mitigating factors in a capital-offense sentencing opinion, the failure to incorporate and discuss all of them in its sentencing opinion does not mean that the trial court did not consider *255 them and that such a failure is not reversible error. E.g., State v. Davis, 116 Ohio St.3d 404, 2008-Ohio-2, 880 N.E.2d 31, ¶ 363; State v. Phillips, 74 Ohio St.3d 72, 102, 656 N.E.2d 643 (1995). In Phillips, we considered the argument that “the trial court’s sentencing opinion fail[ed] to give effect to all of the mitigation evidence offered by appellant.” Id. We concluded:
[Phillips] erroneously assumes that evidence that is not specifically mentioned in an opinion was not considered. While a sentencing court must consider all evidence of mitigation, it need not discuss each factor individually. Parker v. Dugger (1991), 498 U.S. 308, 314-315, 111 S.Ct. 731, 736, 112 L.Ed.2d 812, 822. Further, even if “the trial court in this case should have more explicitly analyzed the mitigating evidence,” this court’s independent reweighing will rectify the error. State v. Lott (1990), 51 Ohio St.3d 160, 171-172, 555 N.E.2d 293, 305.
Id. We therefore rejected that claim.
{¶ 113} This case is less egregious than Phillips, because the allocution statement made by Roberts before sentencing is not evidence; rather it is an opportunity for the defendant to make a personal statement in her own behalf or to present any information in mitigation of punishment, such as an apology, a request for mercy, or an appeal for leniency. A trial court may exercise its discretion in considering the allocution when imposing sentence.
{¶ 114} The majority confuses allocution — which is not evidence — with the opportunity to present an unsworn statement in the penalty phase of the trial and the right to present mitigating evidence to the jurors or fact-finders, and it concludes that the sentence of death violated the Eighth Amendment, specifically because the allocution contained relevant mitigating evidence. It is true that a sentencer cannot refuse to consider mitigating evidence before imposing the death penalty, see, e.g., Eddings v. Oklahoma, 455 U.S. 104, 113-114, 102 S.Ct. 869, 71 L.Ed.2d 1 (1982), but in this case, Roberts had waived her right to present mitigating evidence during the penalty phase of the trial.
{¶ 115} More significantly, however, an unsworn statement in allocution is not evidence. Biddinger v. State, 868 N.E.2d 407, 413 (Ind.2007); People v. Davis, 794 P.2d at 192. Nor is allocution intended to prove or disprove facts relevant to sentencing. State v. Lord, 117 Wash.2d 829, 897, 822 P.2d 177 (1991); Davis at 192. Thus, an allocution statement made prior to sentencing pursuant to Crim.R. 32(A)(1) is not admissible evidence. See Evid.R. 603; Allstate Ins. Co. v. Rule, 64 Ohio St.2d 67, 69, 413 N.E.2d 796 (1980) (“Section 7 of Article I of the Constitution of Ohio requires an oath or affirmation as a prerequisite to the testimony of a witness” [footnote omitted]); Stores Realty Co. v. Cleveland, 41 *256 Ohio St.2d 41, 42, 322 N.E.2d 629 (1975) (“it is error for unsworn testimony to be admitted in evidence”); Clinton v. State, 33 Ohio St. 27 (1877), paragraph two of the syllabus (“every one offered as a witness in a court must take an oath or affirmation before giving testimony”).
{¶ 116} I therefore disagree with the conclusion of the majority that Roberts’s statement “contained much information whose relevance as mitigation was clear.” Majority opinion at ¶ 57. Because the allocution offered by Roberts prior to the imposition of sentence is not evidence, it has no significance in establishing any mitigating factor.
Conclusion
{¶ 117} Neither the United States nor the Ohio Constitution requires a trial court to permit allocution by a person convicted of a crime. Rather, in Ohio, the legislature has allowed a capital defendant to make a penalty-phase statement on his own behalf and to provide any information relevant to the penalty that should be imposed. But an unsworn allocution statement made after the penalty phase is not mitigating evidence. The omission of any reference to what Roberts said during allocution in the trial court’s sentencing opinion does not permit an inference that the court failed to consider those statements, nor does it constitute reversible error.
{¶ 118} Even if the failure to refer to the allocution in the sentencing opinion did constitute error, “[o]ur independent sentence evaluation and reweighing can cure the effect of errors in previous death-penalty sentencing decisions.” State v. Bey, 85 Ohio St.3d 487, 505, 709 N.E.2d 484 (1999). Although the sentencer’s consideration of mitigating evidence is mandated by the Constitution, Eddings, 455 U.S. at 113-114, 102 S.Ct. 869, 71 L.Ed.2d 1, we have held that our independent review can cure a trial court’s failure to explain how it weighed that evidence, State v. Hill, 75 Ohio St.3d 195, 210, 661 N.E.2d 1068 (1996). And we have recognized that “ ‘[w]hile a sentencing court must consider all evidence of mitigation, it need not discuss each factor individually.’ ” State v. Davis, 116 Ohio St.3d 404, 2008-Ohio-2, 880 N.E.2d 31, ¶ 363, quoting Phillips, 74 Ohio St.3d at 102, 656 N.E.2d 643. Tellingly, in Clemons v. Mississippi, 494 U.S. 738, 750, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990), the court explained that the sentencer need not make written findings concerning mitigating circumstances in order for an appellate court to perform an independent sentence evaluation. Thus, contrary to the majority’s conclusion here, the failure to discuss the allocution does not hinder our independent review of the sentence.
{¶ 119} And if it is not reversible error to fail to explain how a court weighed mitigating evidence, how can it be reversible error to fail to refer to the allocution in a sentencing opinion when that allocution is not evidence?
*257 Dennis Watkins, Trumbull County Prosecuting Attorney, and LuWayne Annos, Assistant Prosecuting Attorney, for appellee.
David L. Doughten and Robert A. Dixon, for appellant.
{¶ 120} Accordingly, there is no reason for this court to reverse the sentence based on the trial court’s failure to expressly mention in its sentencing opinion that it had considered Robert’s unsworn statement. I would overrule proposition of law II and address the remaining propositions of law on the merits.
Kennedy, J., concurs in the foregoing opinion.