19 F.3d 19
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James BRYANT, Defendant-Appellant.
 No. 93-1187.
 United States Court of Appeals, Sixth Circuit.
 March 1, 1994.
 
 Before: JONES, NORRIS, and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Bryant pled guilty to five counts of distribution of controlled substances, in violation of 21 U.S.C. Sec. 841(a)(1), and one count of being a felon in possession of a weapon, in violation of 18 U.S.C. 922(g), and was sentenced to 200 months imprisonment. Bryant's sentence was vacated, however, and remanded for resentencing. See United States v. Bryant, 987 F.2d 1225 (6th Cir.1992) (Bryant I ). On remand, the district court again sentenced Bryant to 200 months imprisonment. Defendant appeals and we AFFIRM.
 
 I.
 
 2
 While on parole for credit card fraud and weapons possession, Bryant made several cocaine sales to an undercover DEA agent. Following searches of Bryant's two residences, he was indicted on five counts of distribution and one weapons count. Bryant pled guilty to these charges and, at sentencing, the district court determined on the basis of the presentencing report that the total weight of the drugs involved was equivalent to 1,709.4 kilograms of marijuana. The guidelines provide, for convictions involving 1,000-3,000 kilograms, a sentencing range of 168 to 210 months, given Bryant's criminal history score of IV. Bryant was sentenced to 200 months in prison.
 
 
 3
 On appeal, this court vacated his sentence on the grounds that the calculation of the total weight was inaccurate and that, on remand, the chemist's actual weights should be used. In addition, the district court was instructed to consider the weight of any of the drugs seized in the searches of Bryant's residences provided that the court was convinced the drugs were fairly attributable to him. Bryant I, 987 F.2d at 1230.
 
 
 4
 On remand, the district court determined that the total weight of the drugs attributable to Bryant was equivalent to 1,005.0954 of marijuana. This amount is composed of 975.852 kilograms based on the combined weight of each of the controlled sales; 3.6834 kilograms based upon the drugs found in the gas cap compartment of Bryant's car on the date of the last controlled sale; and 25.56 kilograms based upon the crack cocaine seized from one of defendant's residences. Because the total weight was still within the 1,000-3,000 kilogram range provided by U.S.S.G. Sec. 2D1.1, the district court again sentenced Bryant to 200 months in prison.
 
 A.
 
 5
 On appeal, Bryant argues that the district court erred in including an amount based upon the crack cocaine seized from 18405 Patton. Bryant argues that this is not his residence and, therefore, the drugs may not be attributed to him. If Bryant were correct, the total weight of the drugs would be less than 1,000 kilograms and the applicable range would drop to 135 to 168 months.
 
 
 6
 The district court's findings as to the amount of uncharged drugs to be attributed to the defendant under "relevant conduct" are reviewable only under a "clearly erroneous" standard. United States v. Ivery, 999 F.2d 1043, 1045 (6th Cir.1993). The government bears the burden of proving the amount, however, and must do so by a preponderance of the evidence. Id.
 
 
 7
 The district court's determination that the residence at 18405 Patton belonged to Bryant for purposes of attributing to him the drugs seized there, was based upon the following evidence: (1) this address had, prior to the date of the search, been listed on Bryant's parole records as his residence, (2) Bryant referred to this address as "his spot" in attempting to set a location for the first sale to the undercover DEA agent, (3) Bryant carried a beeper registered to him at that address, (4) while executing a search warrant at another of Bryant's residences, officers answered a telephone call and "took a message" for Bryant to the effect that his house on Patton was being searched by the police. Based upon this evidence, the district court was not clearly erroneous in determining that the cocaine found at the Patton address was fairly attributable to Bryant.
 
 B.
 
 8
 Bryant also argues two additional issues, neither of which was raised in the first appeal or before the district court at resentencing. Accordingly, the government urges that these issues have been waived. The government fails to cite any relevant authority for this proposition, however, nor has our research revealed any. It certainly seems reasonable to require, when a sentence is vacated and remanded for resentencing, that the defendant renew all of his objections in order to preserve them for appeal. The first sentencing is, at that time, a nullity and perhaps should not function to preserve arguments not re-raised at the second sentencing. We decline, however, to address the issue of waiver.
 
 
 9
 Bryant argues that a two-level enhancement for possession of a weapon was improper because he was not seen carrying the guns and they were not readily accessible to him. To apply the enhancement in U.S.S.G. Sec. 2D1.1(b)(1), the government bears the burden of proving by a preponderance only that the defendant was in actual or constructive possession of the firearm. United States v. McGhee, 882 F.2d 1095, 1099 (6th Cir.1989). Here, possession is admitted by Bryant's plea of guilty to the weapons charge. Once possession is shown, the defendant bears the burden of demonstrating that a connection between the gun and crime is clearly improbable. Id. The district court applied the enhancement here on the grounds that a .9mm automatic pistol and a shotgun were seized from one of Bryant's residences, and a pistol and rifle were recovered from his other residence. The mere fact that one of the pistols was in a locked safe and that Bryant was never seen carrying the weapons does not make the district court's decision to apply the enhancement "clearly erroneous." We hold that the enhancement was proper.
 
 
 10
 Bryant's other argument is that the DEA agents "entrapped" him by asking Bryant's parole officer to "hold off" indicting Bryant for unrelated parole violations, at least until the DEA's investigation was complete. In essence, Bryant's argument is that, without the DEA's interference, he would have been in jail and, therefore, in no position to commit his subsequent crimes. The DEA is not required to indict a defendant immediately after his first buy. Often, the DEA will make subsequent buys in hopes of tracing the chain of supply. The testimony in this case is that such was the reason for the delay here. The district court rejected Bryant's argument at the first sentencing and that decision was not error.
 
 II.
 
 11
 For these reasons, we AFFIRM Bryant's sentence in all respects.
 
 
 12
 NATHANIEL R. JONES, Circuit Judge, concurring in result.
 
 
 13
 In light of the law of this circuit, I am bound to conclude, as the majority did, that Defendant Bryant's relevant conduct was properly attributed to him for sentencing purposes. Notwithstanding the binding precedent of this circuit, I continue to believe that "this court jumped the tracks on [the issue of relevant conduct] as long ago as the [United States v. ] Sailes decision, and has since been hurtling in a direction in which it should never have gone." United States v. Wilson, 954 F.2d 374, 377 (6th Cir.1992). Accordingly, though I am bound by the Sailes line of cases and am therefore compelled to concur in the result reached by the majority, I write separately to voice my continued opposition to this circuit's treatment of the issue that the instant case presents.