RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2001 FED App. 0111P (6th Cir.)
File Name: 01a0111p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

―――――――――――

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

  *v.*

JAMES BRYANT,
  *Defendant-Appellant.*

No. 99-1865

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 91-80919—John Corbett O'Meara, District Judge.

Argued: December 5, 2000

Decided and Filed: April 12, 2001

Before: MERRITT, NELSON, and BATCHELDER,
Circuit Judges.

―――――――――――

## COUNSEL

**ARGUED:** Margaret Sind Raben, GUREWITZ & RABEN, Detroit, Michigan, for Appellant. Kathleen Moro Nesi, ASSISTANT UNITED STATES ATTORNEY, Detroit, Michigan, for Appellee. **ON BRIEF:** Margaret Sind Raben, GUREWITZ & RABEN, Detroit, Michigan, for Appellant. Kathleen Moro Nesi, ASSISTANT UNITED STATES ATTORNEY, Detroit, Michigan, for Appellee.

1

NELSON, J., delivered the opinion of the court, in which BATCHELDER, J., joined.   MERRITT, J. (pp. 8-10), delivered a separate dissenting opinion.

————————

**OPINION**

————————

DAVID A. NELSON, Circuit Judge.  After pleading guilty to charges of illegal distribution of controlled substances (a violation of 21 U.S.C. § 841(a)(1)) and possession of a weapon as a felon (a violation of 18 U.S.C. § 922(g)), the defendant, James Bryant, was sentenced to imprisonment for a term of 200 months. This sentence – like those imposed in the resentencings that were to follow – also included a 60-month term of supervised release.

Mr. Bryant appealed, and the case was remanded for resentencing on the basis of a question as to the quantity of drugs involved.  After an evidentiary hearing on this issue, the district judge imposed an identical sentence.  A second appeal proved unsuccessful.  Mr. Bryant  then petitioned the district court for relief under 28 U.S.C. § 2255.  That petition having been denied, Mr. Bryant moved to alter or amend the judgment.  The motion was granted in part, and the term of imprisonment was reduced to 180 months.

In granting the reduction the district court declined invitations to depart downward from the sentence range prescribed by the guidelines and to recalculate the range under the edition of the guidelines manual in effect at the time of resentencing. Mr. Bryant now appeals his amended sentence. We shall deny the appeal.

information and this case authority, Bryant should be allowed to withdraw his guilty plea.

## I

Indicted in 1991 on the charges mentioned above, Mr. Bryant pleaded guilty in 1992. There was no plea agreement. During Bryant's plea hearing the government stated – incorrectly – that the maximum penalty would be a sentence of 20 years. The district judge repeated this erroneous advice in the course of his colloquy with Mr. Bryant.

Mr. Bryant's attorney and the prosecutor could not agree on what sentencing range was mandated by the guidelines; the defense claimed 97-121 months, and the prosecutor claimed 135-168 months. The sentencing judge stated that he would select one of these alternatives. The judge did not tell Bryant that there would be a term of supervised release in addition to the term of incarceration – and the latter term, as we shall see, turned out to be longer than either of the alternatives the judge had said he would chose between.

A presentence report subsequently prepared by a probation officer took the position that the sentence range prescribed by the guidelines was neither 97-121 months nor 135-168 months, but 168-210 months. Accepting the probation officer's conclusion, the district court imposed a sentence of imprisonment for 200 months plus a five-year term of supervised release.

Neither at the sentencing hearing nor in his first appeal did Mr. Bryant contend that the sentence was defective by reason of the fact that it exceeded 168 months. What he argued on appeal, rather, was that the quantity of drugs attributed to him was excessive. A panel of this court concluded that a closer examination of the drug quantity was warranted, and the case was remanded for resentencing on that basis. *United States v. Bryant*, 987 F.2d 1225 (6th Cir. 1992).

On remand, and with the benefit of an evidentiary hearing, the district court concluded that the attributable quantity was still such as to result in a guideline range of 168-210 months. Again Mr. Bryant was sentenced to 200 months plus five years of supervised release. Again Mr. Bryant appealed on

the ground of alleged errors in the calculation of the quantity of drugs involved. We affirmed the sentence. *United States v. Bryant*, 19 F.3d 19 (6th Cir. 1994) (table).

Mr. Bryant's next step was to file a *pro se* motion under 28 U.S.C. § 2255. The motion raised claims of ineffective assistance of counsel and denial of due process. A magistrate judge recommended denial of the motion, and the district judge accepted this recommendation.

Mr. Bryant then moved to alter or amend the judgment. On the strength of *United States v. Throne*, 153 F.3d 130 (4th Cir. 1998), the district court granted the motion in part. Recognizing that the sentencing judge "did not inform petitioner Bryant of his term of supervised release or the significance of it," and that "this court is able to re-sentence petitioner Bryant within the applicable guideline range and still maintain his sentence at or below the 20 years (240 months) he was informed he could be imprisoned," the district court ordered a limited resentencing.

Prior to the date set for resentencing Mr. Bryant moved for a downward departure based on post-conviction rehabilitation. He also moved to have the guideline range recalculated using the acceptance-of-responsibility adjustment authorized in the most recent edition of the guidelines manual. These motions proved unsuccessful. The district court did, however, reduce Bryant's sentence to 180 months (plus 60 months of supervised release) so that the total sentence would not exceed the 20 years initially identified as the maximum penalty.

After his resentencing Mr. Bryant applied to the district court for a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(1) and Rule 22(b), Fed.R.App.P. The magistrate judge denied the application in the belief that Bryant's appeal from the amended sentence was a direct appeal for which a certificate of appealability was not required.

Proceeding *pro se* in Case No. 99-2117 on the docket of this court, Mr. Bryant asked us to issue a certificate of

because I don't have the record? I will have to wait until I get a full and complete probation report and all of the information about the case before I make that decision. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: And understanding that, you still want to go ahead and plead guilty, is that correct?

THE DEFENDANT: Yes, sir.

Thus the defendant was clearly informed by the court and by both the prosecutor and defense counsel that the maximum penalty would be 168 months. On the basis of this clear guarantee, he pled guilty. It seems to me elementary that it was plain error to then sentence him to an added three years in jail. If judges think they need an earlier case to rely on before such an obvious mistake can become plain error, then *U.S. v. Watley*, 987 F.2d 844, 847 (D.C. Cir. 1993), ought to suffice. There in an opinion for Judges Wald and Silberman, Judge (now Justice) Ruth Bader Ginsburg said:

In short, Watley, through no fault on his part, was given incorrect information, at and prior to the plea hearing, regarding the sentence he *could possibly* receive. . . . No mere personal wish, hope or expectation, Watley's settled mind that his sentence would likely fall below ten years was a virtual condition of his plea. His misunderstanding was shared and reinforced by prosecutor, defense counsel, and — most tellingly — the district judge, who emphasized the importance of Watley's expectation by nailing down exactly the sentence Watley had "in mind" . . . . We therefore find securely placed Watley's argument that, assigning proper weight to the "voluntariness" requirement of Rule 11(d), he had a "fair and just reason," within the compass of Rule 32(d), to withdraw his plea.

In light of the misinformation given Bryant here, plain common sense, the need for courts to provide truthful

---

### DISSENT

---

MERRITT, Circuit Judge, dissenting.   I believe that we should issue a certificate of appealability under 28 U.S.C. § 2253(c)(1) establishing our jurisdiction to hear the question of the length of Bryant's sentence for the reasons set out hereinafter.  The transcript in this case at pages 377-79 of the Appendix shows the following colloquy between the Court and the defendant and counsel at the time of defendant's guilty plea:

MR. SPONG (prosecutor):  As a Category No. 4, it puts him in the range of I believe it is 168 to 210 without his acceptance of responsibility.  With acceptance of responsibility, it would be 135 to 168 months.

THE COURT:  That is your contention, 135 to 168?

MR. SPONG:  168.

THE COURT:  What is your position:

MR. WRIGHT:  Your Honor, my position is that the guidelines would be 97 to 121.

. . . .

THE COURT:  Do you understand the government contends that the proper guideline for you would be 135 to 168 months for pleading guilty to all these offenses, and your attorney says no, that is not correct, that the proper guideline would be 97 to 121 months?  Do you understand that?

THE DEFENDANT:  Yes, sir.

THE COURT:  Do you understand that right now I don't know which of those positions I would adopt

appealability.  On September 28, 2000, this court denied the request.  The appeal in Case No. 99-2117 has never been before this panel.  What is before us now is Case No. 99-1865, where Mr. Bryant is represented by counsel.

Counsel identifies four issues for our review: (1) whether the district court erred in concluding that the length of the sentence did not represent a due process violation; (2) whether, if required to show cause and prejudice for procedural default, Mr. Bryant could satisfy that requirement on grounds of ineffective assistance of counsel; (3) whether the district court erred in failing to recognize its discretion to depart downward on the basis of post-conviction rehabilitation; and (4) whether the district court used the wrong edition of the guidelines manual in deciding to give Mr. Bryant a two-level adjustment for acceptance of responsibility rather than a three-level adjustment.   The government argues that the first two issues are not properly before us and that the remaining issues should be decided against Mr. Bryant on their merits.

II

A.   *Are the First Two Issues Cognizable by the Present Panel?*

Under 28 U.S.C. § 2253(c)(1)(B), the final order in a § 2255 proceeding is not appealable without a certificate of appealability.  Absent a certificate of appealability we lack jurisdiction to review such an order.  See *Quigley v. United States*, 172 F.3d 873 (6th Cir. 1998) (table), *cert. denied*, 526 U.S. 1088 (1999).  In the case at bar both the district court and this court have declined to issue the requisite certificate.

The magistrate judge believed that he lacked power to grant or deny the request for a certificate of appealability, the Chief Deputy Clerk of the Sixth Circuit purportedly having advised him that Mr. Bryant's appeal was "being treated as a direct criminal appeal."  The order in which this court denied the request for a certificate, however, construed Bryant's appeal as one "from the district court's judgment denying his § 2255

motion to vacate his sentence." This court's order also characterized Bryant's notice of appeal "as an application for a certificate of appealability pursuant to Fed. R. App. P. 22(b)(2)." On the present state of the record, we think it clear that we lack jurisdiction to review the district court's denial of the relief sought under § 2255.

B.  *Did the Denial of Mr. Bryant's Requests for a Downward Departure and for Recalculation of His Offense Level Constitute Reversible Error?*

At the resentencing Mr. Bryant sought a lower sentence on the basis of (1) post-conviction rehabilitation and (2) acceptance of responsibility. On appeal, Bryant argues that under our recent decision in *United States v. Rudolph*, 190 F.3d 720 (6th Cir. 1999), it was error for the district judge to conclude that he lacked authority to grant a downward departure on the basis of post-conviction rehabilitation. Bryant further argues that the judge used the wrong edition of the sentencing guidelines in concluding that there should be only a two-level acceptance-of-responsibility reduction in the offense level rather than a three-level reduction. For reasons to which we shall turn shortly, we find it unnecessary to address the merits of either of these contentions.

In his oral disposition, the district judge did question the court's power to grant a departure on the basis of post-incarceration rehabilitation. He also said that he was required to apply the edition of the guidelines in effect at the time of the initial sentencing, which edition did not contemplate a three-level reduction for acceptance of responsibility. The judge then went on to say this, however:

"So the motion for downward departure is denied for those reasons *and for the additional reason* that the Court granted resentencing on the narrow grounds, *and only on those grounds*, that there was not sufficient information provided at the time of the original plea to allow this defendant, Mr. Bryant, to have understood from what the Court said, in any event, that the total

sentence would be for longer than 240 months." (Emphasis added.)

When a district court orders a resentencing the court has the power to determine the appropriate scope of the resentencing. See *Rudolph*, 190 F.3d at 727 (citing *United States v. Jones*, 114 F.3d 896, 897 (9th Cir. 1997) ("[T]he statute gives district judges wide berth in choosing the proper scope of post-2255 proceedings")); see also *United States v. Moore*, 83 F.3d 1231, 1235 (10th Cir. 1996) (noting that district court "has the discretion to determine the scope of the resentencing").

In the instant case we believe that the district court's decision to limit the scope of the resentencing was within its discretion. It follows that the court's refusal to consider further relief does not warrant reversal.

The judgment entered by the district court at the most recent resentencing is **AFFIRMED** without prejudice to Mr. Bryant's right to renew his application to the district court for a certificate of appealability that would allow review of the question whether, on the facts of this case, a sentence of imprisonment exceeding 168 months was unconstitutional. See *United States v. Watley*, 987 F.2d 841, 847 (D.C. Cir. 1993).