**Curtis L. WHEELER, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 00–5714.

United States Court of Appeals, Sixth Circuit.

Dec. 4, 2001.

Before MERRITT, CLAY, and GILMAN, Circuit Judges.

*ORDER*

Curtis L. Wheeler appeals an amended sentencing judgment that the district court imposed after vacating his original sentence under 28 U.S.C. § 2255. His appeal as been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon review, the panel unanimously agrees that oral argument is

not needed in this case. Fed. R.App. P. 34(a).

In 1996, Wheeler was convicted of being a felon in possession of a firearm and of possessing cocaine base for intended distribution, violations of 18 U.S.C. § 922(g) and 21 U.S.C. § 841(a)(1). The district court originally sentenced him to 235 months of imprisonment, and his convictions and sentence were affirmed on direct appeal. *United States v. Wheeler*, No. 96–6230, 1997 WL 685414 (6th Cir. Oct.29, 1997) (unpublished).

In 1998, Wheeler moved to vacate his sentence under § 2255, alleging *inter alia* that his sentence under the Armed Career Criminal Act ("ACCA") was no longer proper, as one of his prior convictions had been vacated. On April 10, 2000, the district court granted Wheeler's § 2255 motion insofar as it challenged his sentence under the ACCA but denied the motion in all other respects. That ruling is not directly at issue here. On May 12, 2000, the district court issued an amended sentencing judgment that resentenced Wheeler to 151 months of imprisonment and eight years of supervised release (entered 5/16/00). It is from this judgment that he now appeals.

Wheeler now argues that the district court miscalculated his total offense level when it determined the applicable guideline range for his amended sentence. However, the court properly found that the base offense level for Wheeler's drug conviction was 28 and that the base offense level for his firearm conviction was 20. *See* USSG §§ 2D1.1(c)(6) *and* 2K2.1(a)(4) (1995). Since there was an eight-level difference between the offense levels for these convictions, the court properly determined that his combined offense level was 29, which yielded a sentencing guideline range of 151 to 188 months. *See* USSG § 3D1.4(b) (1995). Wheeler's amended sentence was not improper, as it fell at the very bottom of that range.

Accordingly, all pending motions are denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.