**Gary Wayne CHAPMAN, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 02–5981.

United States Court of Appeals, Sixth Circuit.

Sept. 9, 2003.

Gary Wayne Chapman, Ashland, KY, pro se.

Charles P. Wisdom, Jr., Asst. U.S. Attorney, Mark A. Wohlander, Asst. U.S. Attorney, U.S. Attorney's Office, Lexington, KY, for Respondent–Appellee.

* The Honorable David M. Lawson, United States District Judge for the Eastern District of Michigan, sitting by designation.

Before GUY and DAUGHTREY, Circuit Judges; and LAWSON, District Judge.*

## ORDER

This pro se federal prisoner appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Gary Wayne Chapman pleaded guilty to conspiring with intent to distribute cocaine in violation of 21 U.S.C. § 846. The district court sentenced Chapman to 120 months of imprisonment and 6 years of supervised release. Chapman did not appeal.

In his § 2255 motion to vacate sentence, Chapman claimed that: 1) trial counsel was ineffective for failing to move for downward departure based on the over-representation of his criminal history; 2) trial counsel was ineffective for failing to object to the enhanced sentencing because the United States failed to give the proper information under 21 U.S.C. § 851(a)(1); and 3) his sentence is unconstitutional because it was enhanced by an unconstitutional state court conviction where he was denied his Sixth Amendment right to counsel. The magistrate judge recommended that Chapman's motion be denied. The district court adopted the magistrate judge's report and recommendation over Chapman's objections and granted Chapman a certificate of appealability as to all three claims.

In his timely appeal, Chapman reasserts claims enumerated 2 and 3 above, and adds that the district court improperly dismissed his § 2255 motion without conducting and evidentiary hearing.

Initially, we note that Chapman has abandoned his claim that trial counsel was ineffective for failing to move for downward departure based on the over-representation of his criminal history. Issues that were raised in the district court, yet not raised on appeal, are considered abandoned and not reviewable on appeal. *Enertech Elec., Inc. v. Mahoning County Comm'rs*, 85 F.3d 257, 259 (6th Cir.1996). In addition, we note that Chapman attempts to assert an issue on appeal that was not certified for appeal by the district court. Chapman's claim that the district court erred in failing to conduct an evidentiary hearing on the adequacy of 21 U.S.C. § 851 notice was not certified for appeal. This court lacks jurisdiction to consider issues that have not been certified for appeal. *United States v. Bryant*, 246 F.3d 650, 653 (6th Cir.2001).

■ To the extent that Chapman claims that his enhanced sentence was based on an unconstitutional state conviction, the issue is not cognizable under § 2255. *Daniels v. United States*, 532 U.S. 374, 383, 121 S.Ct. 1578, 149 L.Ed.2d 590 (2001). At the time of federal sentencing, the state conviction that Chapman claims is unconstitutional had not been set aside and was properly presumed by the district court to be valid. *Id.* at 382. Moreover, Chapman had no basis upon which to attack his state conviction on appeal. A defendant has no right to collaterally attack a prior conviction in state court in a § 2255 motion unless that state court conviction was obtained in violation of the defendant's right to have counsel appointed. *Custis v. United States*, 511 U.S. 485, 496, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994). In the challenged state case, Chapman retained an attorney for trial, and then retained another attorney who allegedly unilaterally chose not to appeal on Chapman's behalf. Chapman was not denied his right to counsel.

In order to obtain relief under § 2255 on the basis of a constitutional error, the record must reflect an error of constitutional magnitude that had a substantial and injurious effect or influence on the proceedings. *See Brecht v. Abrahamson*, 507 U.S. 619, 637–38, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir.1999). The court reviews Chapman's ineffective assistance of counsel claim de novo and examines the district court's factual findings for clear error. *Nagi v. United States*, 90 F.3d 130, 134 (6th Cir.1996).

To establish ineffective assistance of counsel, it must be shown that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Chapman cannot show that counsel's alleged ineffectiveness prejudiced him. He claims that trial counsel was ineffective for failing to object to the enhanced sentencing because the United States failed to give the proper information under 21 U.S.C. § 851(a)(1). The record however, belies Chapman's claim.

■ The United States did not fail to give the proper information under 21 U.S.C. § 851(a)(1). On July 22, 1998, Chapman was charged with a violation of 21 U.S.C. § 846 in Criminal Action No. 98–27. Chapman pleaded not guilty and a trial was set. Later, the United States filed an information pursuant to 21 U.S.C. § 851(a)(1) stating that it would rely upon two prior convictions of Chapman in sup-

port of an enhanced sentence. At Chapman's October 5, 1998, rearraignment, the United States moved to transfer the notice of information under 21 U.S.C. § 851(a)(1) that had been filed in Criminal Action Number 98–27, to the new case (Criminal Action Number 98–28). The district court granted that motion and Chapman did not object. Chapman, with notice of the sentencing consequences of his prior convictions, pleaded guilty to the pending drug charge. In light of Chapman's receipt of the proper information under 21 U.S.C. § 851(a)(1), there existed no possible legitimate objection for counsel to make. Counsel is not required by the Constitution to raise frivolous defenses or arguments to avoid a charge of ineffective representation. *See Krist v. Foltz,* 804 F.2d 944, 946–47 (6th Cir.1986).

In addition, Chapman fails to establish the prejudice prong of *Strickland* because the record is devoid of any showing of a reasonable probability that Chapman would not have pleaded guilty and would have insisted on going to trial but for counsel's alleged ineffectiveness. *See Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.