*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 13a0289p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____

|  |  |
|---|---|
| ALLEN M. AJAN, <br><br> *Petitioner-Appellant,* <br><br> *v.* <br><br> UNITED STATES OF AMERICA, <br> *Respondent-Appellee.* | No. 09-6366 |

Appeal from the United States District Court
for the Eastern District of Tennessee at Greeneville.
Nos. 2:02-cr-71-1; 2:06-cv-24—J. Ronnie Greer, District Judge.

Argued: July 26, 2013

Decided and Filed:  October 3, 2013

Before:  KEITH and McKEAGUE, Circuit Judges; WATSON, District Judge.[*]

_____

## COUNSEL

**ARGUED:** April L. Farris, YETTER COLEMAN LLP, Austin, Texas, for Appellant. Debra A. Breneman, UNITED STATES ATTORNEY'S OFFICE, Knoxville, Tennessee, for Appellee.  **ON BRIEF:** April L. Farris, YETTER COLEMAN LLP, Austin, Texas, for Appellant.  Debra A. Breneman, UNITED STATES ATTORNEY'S OFFICE, Knoxville, Tennessee, for Appellee.

_____

## OPINION
_____

DAMON J. KEITH, Circuit Judge.  Allen Mark Ajan was convicted by a federal jury of several drug-related offenses, aiding and abetting a kidnapping, and two § 924(c) firearm offenses.  In 2003, he was sentenced to a term of 646 months of imprisonment.

_____

[*]The Honorable Michael H. Watson, United States District Judge for the Southern District of Ohio, sitting by designation.

After an unsuccessful direct appeal, he filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. His motion was granted in part and denied in part by the district court, which entered an Amended Judgment and new sentence without conducting a resentencing hearing. Without having obtained a certificate of appealability ("COA"), Ajan appeals the Amended Judgment and sentence, arguing that he was entitled to a resentencing hearing. For the reasons detailed below, we hold that a COA is not required because Ajan is appealing a previously unreviewed aspect of his criminal case. On the merits of Ajan's appeal, we vacate the Amended Judgment with the instruction that the district court exercise its discretion in selecting a § 2255 remedy.

## I.     Appellate Jurisdiction over § 2255 Relief

Ajan filed a notice to appeal the Amended Judgment the district court entered after partially granting his § 2255 motion to vacate. Because he had not obtained a COA, we initially construed his notice as a request for a COA. Ajan argues that he does not need a COA because the Amended Judgment he is appealing punishes him for his criminal conduct and is a previously unreviewed aspect of his criminal case. The Government insists that a COA is necessary because the Amended Judgment was entered as a result of Ajan's collateral § 2255 proceedings. Whether a COA is required to appeal the relief granted after a successful § 2255 motion is an open question within this Circuit.[1] We conclude that Ajan is correct.

Title 28 U.S.C. § 2253(c)(1)(B) requires a prisoner to obtain a COA in order to appeal "the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1)(B). To obtain a COA, prisoners must make a substantial showing that they have been denied a constitutional right. 28 U.S.C. § 2253(c)(2). Therefore, it is necessary to determine

---

[1] We note that a few unpublished cases within this Circuit have been implicitly inconsistent on whether a COA is required to appeal the relief granted pursuant to a successful § 2255 motion. *Compare e.g. Donaldson v. United States*, 24 F. App'x 498, 501 n.2 (6th Cir. 2001) (adjudicating claims that arose "as a direct appeal from the new sentence" imposed after district court granted defendant's § 2255 motion, vacated the original sentence, and imposed a new sentence) *and Wheeler v. United States*, 22 F. App'x 586, 587 (6th Cir. 2001) (distinguishing between partial grant of a § 2255 motion as "not directly at issue" and district court's subsequent amended judgment as the "judgment that [the defendant] now appeals") *with United States v. Mainville*, 9 F. App'x 431, 434 (6th Cir. 2001) (refusing to consider an argument regarding a sentence entered after defendant's successful § 2255 motion because the defendant failed to obtain a COA on the issue).

whether the Amended Judgment constitutes "the final order" in Ajan's § 2255 proceeding. If so, this Court lacks jurisdiction in the absence of a COA. *United States v. Hardin*, 481 F.3d 924, 925 (6th Cir. 2007) (noting that § 2253 "prohibits us from taking up an appeal from a final order in any section 2255 proceeding without such a certificate [of appealiability]"). "A matter requiring statutory interpretation is a question of law requiring *de novo* review, and the starting point for interpretation is the language of the statute itself." *United States v. Batti*, 631 F.3d 371, 375 (6th Cir. 2011) (quoting *United States v. Shafer*, 573 F.3d 267, 272 (6th Cir. 2009)).

Section 2255 provides federal prisoners with a means to secure a second look at the legality of their conviction or sentence, beyond the direct appeal of right. A federal prisoner "may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a). The court initially considers whether or not the petitioner is entitled to any § 2255 relief. If the court finds that the petitioner's judgment was unlawful for any one of a number of reasons specified in the statute, "the court shall vacate and set the judgment aside." § 2255(b). Once the judgment is vacated, the district court must proceed to grant one of four remedies "as may appear appropriate": (1) "discharge" the prisoner, (2) "resentence" the prisoner, (3) "grant a new trial," or (4) "correct" the sentence. *Id*.

In *Magwood v. Patterson*, 130 S. Ct. 2788 (2010), the Supreme Court held that a prisoner's successful § 2254 petition led to "a new judgment, and [the] first application challenging that new judgment cannot be 'second or successive.'" *Id*. at 2796. The Court reasoned that "second or successive" is a term that applies to the judgment being challenged, and since the judgment being challenged did not exist at the time the first § 2254 petition was brought, the habeas petition before the Court was not "second or successive." *Id*. at 2796-97. Although the *Magwood* rule was announced in the context of § 2254—which provides collateral relief from state criminal judgments—the rule applies with equal force to § 2255—which provides collateral relief from federal criminal judgments. *See id*. at 2796.

Here, Ajan's successful § 2255 petition led to a new judgment—the Amended Judgment—which did not exist at the time his § 2255 petition was brought.  It is the Amended Judgment  that Ajan appeals.  Because Ajan seeks to "challeng[e] *the relief granted*—i.e., whether the relief was 'appropriate' under § 2255, whether the new sentence was in conformity with the Constitution or Sentencing Guidelines, etc.—he is appealing a new criminal sentence and therefore need not obtain a COA . . . ." *United States v. Hadden*, 475 F.3d 652, 664 (4th Cir. 2007).  Other Circuits have utilized similar reasoning to hold that a COA is not required to appeal the relief granted after a successful § 2255 motion.  *See United States v. Futch*, 518 F.3d 887, 895 (11th Cir. 2008);  *Hadden*, 475 F.3d at 663–66; *United States v. Lafayette*, 337 F.3d 1043, 1046 (D.C. Cir. 2003).

Our approach aligns with the principles of fairness already established in our criminal justice jurisprudence.  The successful § 2255 petitioner has obtained relief because the original sentence was unlawful.  Requiring a COA to appeal further would limit review of a defendant's first legal sentence to only constitutional error.  *See* § 2253(c)(2).   Yet a criminal defendant is *entitled* to a direct review of a sentence for non-constitutional error.  *See* 18 U.S.C. § 3742(a) (providing for appellate jurisdiction over a "final sentence" entered by the district court without a COA); 28 U.S.C. § 1291 (providing appellate jurisdiction over "final decisions" of a district court);  *Hadden*, 475 F.3d at 664 ("[T]he end result of the resentencing or correction of the prisoner's sentence [under § 2255] is an entirely new sentence . . . . To hold otherwise would prevent the defendant from ever obtaining direct appellate review of his new sentence.").[2]

---

[2]We are unconvinced by the argument that Ajan's sentence is not new at all because the district court reimposed the same sentences on the undisturbed counts.  Several courts have expressly noted that a "new sentence" need not be substantively different from the original sentence.  *See Hadden*, 475 F.3d at 661 n.9; *United States v. Torres-Otero*, 232 F.3d 24, 30 (1st Cir. 2000).

**II.     Post-§ 2255 Remedy**

Having held that we have jurisdiction, we now turn to the merits of Ajan's appeal.  After his partially successful § 2255 motion, the district court granted Ajan relief by reimposing the same sentences on his remaining counts.  Ajan asserts that the district court's relief was legal error because it was based on the erroneous belief that it lacked the discretion to vary the sentence on his remaining counts.  The Government responds that the district court was well aware of its general authority to vary a sentence and purposefully choose to reimpose the same term on Ajan's remaining counts.  A thorough review of the record reveals ambiguity as to what the district court believed about its statutory authority to grant § 2255 relief, and we must therefore vacate Ajan's sentence and remand the case.

A federal jury found Ajan guilty of three drug-related offenses, one kidnapping offense, and two counts—Counts Seven and Ten—of § 924(c) firearm offenses.  In 2003, Ajan was sentenced to 262 months of imprisonment on the drug and kidnapping offenses, to run concurrently, a mandatory consecutive 84 months on Count Seven, and a mandatory consecutive 300 months on Count Ten.  The Sentencing Guidelines were mandatory at the time Ajan was sentenced, and he was sentenced to a total term of 646 months—about 54 years—which was the bottom-end of his mandatory range.  On direct appeal his convictions and sentence were affirmed.  *See generally United States v. Simpson*, 116 F. App'x 736 (6th Cir. 2004).

In 2006, Ajan moved the district court to vacate and set aside his judgment under § 2255. The parties agreed that one of his § 924(c) firearm convictions, Count Ten, was not an offense under the charged criminal statute.  Ajan requested that the district court resentence him on his remaining counts, but the Government argued that giving Ajan a lower sentence would require the district court to impermissibly account for the consecutive 84-month sentence mandated under Ajan's remaining § 924(c) firearm count (Count Seven).

The district court summarily relied on the Government's argument regarding Count Seven. In 2009, without conducting sentencing proceedings, the district court entered an order vacating Count Ten and ordering that an amended judgment be entered. The district court's "Amended Judgment" reinstated the total term for Ajan's remaining offenses (and cut his original unlawful sentence in half) for a total term of 346 months—about 29 years—to run from the date of his original sentencing hearing.

The question here is whether the district court was aware of its statutory discretion in granting a post-*§* 2255 remedy. Section 2255 "gives district judges wide berth in choosing the proper scope of post-2255 proceedings." *United States v. Jones*, 114 F.3d 896, 897 (9th Cir. 1997). Thus, we review the form of relief granted for an abuse of discretion. *Cf. United States v. Bryant*, 246 F.3d 650, 654 (6th Cir. 2001). As previously noted, § 2255 permits the district court to grant relief in one of four forms "as may appear appropriate" when a motion is found to be meritorious: discharge the prisoner, resentence the prisoner, grant a new trial, or correct the sentence. 28 U.S.C. § 2255(b).

Here, the district court corrected Ajan's sentence by excising the unlawful term and reentering Ajan's original term on the remaining counts. While the district court does have general statutory authority to correct a sentence, whether the district court erroneously believed it had to correct Ajan's sentence in lieu of a resentencing is a different matter. The district court provided a one-sentence explanation for the sentence correction. It stated: "The government correctly asserts that a grant of the petitioner's motion as to Count Ten will not alter the sentences imposed on the remaining counts." [R. 362]. The district court was referencing the Government's Supplemental Response to Ajan's § 2255 motion. The Government stated:

> Although resentencing on Count Ten will require the Court to vacate the judgment and enter an amended judgment, it will not alter the sentences imposed on the remaining convictions. *See United States v. Franklin*, 499 F.3d 578 (6th Cir. 2007) (where defendant is convicted of an underlying violent or drug offense as well as a related § 924(c) offense, the court may not take into account the consecutive mandatory minimum

> sentence prescribed by Congress for the § 924(c) conviction in determining the appropriate sentence for the underlying offense).

[R. 345].

Without more explanation, the district court's acceptance of the Government's argument is ambiguous: Did the district court reference the Government's argument to support its decision to choose a correction over a different remedy (which it was certainly free to do) or did it think that a district court's § 2255 discretion is always restricted to a correction under *Franklin*?

If the district court thought that *Franklin* foreclosed a downward variance or departure on Ajan's non-firearm sentences because Count Seven carried a mandatory consecutive 84-month term, this belief was erroneous. *Franklin*'s holding is not so broad. *Franklin* merely holds that a "sentencing court must determine an appropriate sentence for the underlying crimes without consideration of the [mandatory consecutive nature of a] § 924(c) sentence." *Id.* at 586. This does not support the proposition that the coexistence of a mandatory consecutive sentence removes a district court's § 2255 discretion to resentence. Therefore, while Count Seven entails a mandatory consecutive term of 84 months, the district court may still independently consider the 262 month term for Ajan's underlying offenses (for which he has already served 120 months) in reference to the § 3553(a) factors as would be required at a resentencing. *Franklin*, therefore, does not modify our holding that "the district court has the authority to resentence a defendant who has secured reversal of a § 924(c) conviction under §2255." *Pasquarille v. United States*, 130 F.3d 1220, 1222 (6th Cir. 1997).

The Government "proffers the absence of a change in petitioner's total offense level as a plausible explanation for the district court's discretionary determination not to resentence petitioner." Appellee Br. at 25. This may indeed be a plausible explanation. But the belief that *Franklin* foreclosed the ability to vary Ajan's sentence on his non-firearm counts is an equally plausible explanation for the district court's rejection of Ajan's resentencing request. It would be mere speculation for us to say whether the district court exercised its discretion or thought it had none.

In the end, on remand, Ajan might not prevail on the merits of his argument that he is entitled to a resentencing and a lower sentence. Not "every [sentencing] appeal will lead to a new sentencing hearing." *United States v. Booker*, 543 U.S. 220, 268 (2005). That is an issue for the district court to determine on remand. The issue before us is whether the district court was aware that correction was not its sole option. We cannot make a conclusion either way. Thus, we find it necessary to vacate the Amended Judgment and remand for further post-§ 2255 proceedings and hold that the district court has discretion to choose from any of the four enumerated § 2255 remedies. *See United States v. Hillary*, 106 F.3d 1170, 1171–72 (4th Cir. 1997) (vacating and remanding a § 2255 correction where the district court denied a resentencing request based on the erroneous conclusion it lacked discretion to resentence defendant).

Should the district court choose to resentence Ajan, such a resentencing would be *de novo*. *See United States v. Saikaly*, 207 F.3d 363, 370 (6th Cir. 2000) ("[A] district court has the authority, on resentencing, to reevaluate 'the entire aggregate sentence.'"). When Ajan was originally sentenced, the Guidelines were considered mandatory, not advisory, and he was sentenced at the bottom-end of his mandatory Guidelines range. Additionally, the conviction which carried the longest sentence—Count Ten—has now been vacated. As such, a district court resentencing Ajan for a far less egregious set of convictions under the now-advisory Guidelines may consider these factors and decide in its discretion to impose a sentence below the advisory range.

## III.    Conclusion

For the foregoing reasons, we vacate the Amended Judgment and remand for further post-§ 2255 proceedings.[3]

---

[3]The parties advanced a number of arguments regarding whether or not Ajan is entitled to resentencing. We find these arguments premature at this stage and are more appropriate for the district court to consider when deciding an appropriate post-§ 2255 remedy.